**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000530
31-JAN-2023
08:15 AM
Dkt. 60 SO**

NO. CAAP-21-0000530

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MICHAEL PICKELL, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-00138)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Chan, JJ.)

Defendant-Appellant Michael Pickell (**Pickell**) appeals from the District Court of the Second Circuit, Wailuku Division's September 15, 2021 Judgment and Notice of Entry of Judgment.[1]

Pickell was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (3) (2020), after entering into a conditional no contest plea and reserving his right to appeal the district court's denial of his motion to suppress.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

---

[1] The Honorable Kirstin M. Hamman presided.

On January 26, 2021, Officer Rahul Mehra (**Officer Mehra**) observed Pickell facing northbound in the left-turn-only lane at the intersection of Piʻilani Highway and Ohukai Road, which are public roads in the County of Maui.  When the light turned green, instead of turning left from Piʻilani Highway onto Ohukai Road, Pickell made a U-turn going "across [the] double solid yellow lines" and "the skipped dash white line," and proceeded southbound on Piʻilani Highway.

Officer Mehra testified that the lane Pickell was in had a painted marking on it indicating "left turn only with the directional arrow pointed in the left turn direction."  There was also a sign on the overhanging light saying "left turn only."

Based on Officer Mehra's testimony, the district court found that Pickell made an illegal U-turn from a left-turn-only lane.  The district court then concluded that there was reasonable suspicion to stop Pickell.

On appeal, Pickell contends that the district court erred because there was no reasonable suspicion to justify his warrantless traffic stop based on a U-turn.  Citing to various sections of the HRS and Maui County Code (**MCC**), Pickell argues that "none of the foregoing statutes and MCC ordinances relating to obedience to traffic signals apply to the U-turn at issue unless there were signs or traffic signals that prohibited [him] from making the U-turn."

In particular, Pickell relies on MCC § 10.24.140 (1965), which provides that "[w]henever authorized signs are erected indicating that no right or left or "U" turn is permitted, no operator of a vehicle shall disobey the directions

2

of any such sign."  Pickell also relies on HRS § 291C-82(c) (2020) requiring that the "director of transportation and the counties . . . shall place signs which are clearly visible to an ordinary observant person prohibiting the turning of a vehicle to proceed in the opposite direction. . . ."

Notwithstanding, HRS chapter 291C also provides:

> The director of transportation and the counties . . . may cause official traffic-control devices to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at an intersection, and when such devices are so placed, <u>no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such devices</u>.

HRS § 291C-81(3) (2020) (emphasis added).[2]

Additionally, HRS § 291C-31(a) (2020) provides that "[t]he driver of any vehicle <u>shall obey the instructions of any official traffic-control device</u> applicable thereto placed in accordance with the law, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter." (Emphasis added.)  And, MCC § 10.24.100(E) (1965) provides that "[i]n all cases where official marks, buttons, signs or directional arrows painted on the pavement are placed within or adjacent to intersections, <u>no operator of a vehicle shall execute a movement at such intersections, otherwise than as directed and required by such marks, buttons, signs, or arrows</u>."  (Emphasis added.)

Regarding making a left turn, "after entering the intersection, the left turn shall be made so as to leave the

---

2  An official traffic-control device "mean[s] all signs, signals, markings, and devices not inconsistent with this chapter placed or erected by authority or with the consent of a public body or official having jurisdiction for the purpose of regulating, warning, or guiding traffic."  HRS § 291C-1 (2020).

intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. . . ."  HRS § 291C-81(2) (2020).  Similarly, MCC § 10.24.100(B) provides:

> Approach for a left turn shall be made in that portion of the right half of the roadway nearest the centerline thereof, and after entering the intersection, the left turn shall be made so as to leave the intersection to the right of the centerline of the roadway being entered.

Here, although there was no U-turn sign, the evidence established that there was a left-turn-only sign hanging from the traffic light and left-turn-only markings painted on the road.  Thus, Pickell was required to make a left turn by leaving Piʻilani Highway and entering to the right of the centerline on Ohukai Road.  Pickell instead made a U-turn, violating HRS §§ 291C-31(a) and -81(3) and MCC §§ 10.24.100(B) and (E).  Due to this traffic violation, reasonable suspicion existed to conduct an investigative stop.  See State v. Estabillio, 121 Hawaiʻi 261, 270, 218 P.3d 749, 758 (2009).

Based on the foregoing, we affirm the district court's September 15, 2021 Judgment and Notice of Entry of Judgment.

DATED:  Honolulu, Hawaiʻi, January 31, 2023.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge